NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

TESORO PETROLEUM CORPORATION,
Respondent.

No. 24918.

United States Court of Appeals,
Ninth Circuit.

Aug. 4, 1970.

Hall, District Judge, dissented.

Warren M. Davison (argued), Leonard M. Wagman, Sanford H. Fisher, Attys., Marcel Mallet-Provost, Dominick L. Manoli, Arnold Ordman, Washington, D. C., Abraham Siegel, Regional Atty., N.L.R.B., Los Angeles, Cal., for petitioner.

Hugh M. Smith (argued), Schoolfield & Smith, Dallas, Tex., John R. Tadlock, Gen. Counsel, Int. Union, Denver, Colo., for petitioner.

Before KOELSCH and CARTER, Circuit Judges, and HALL, District Judge.*

JAMES M. CARTER, Circuit Judge.

The Board found that Tesoro Petroleum Corporation, hereafter the Company, violated Sec. 8(a) (1) of the Act, 29 U.S.C. § 158(a) (1), by coercively interrogating three applicants for employment; that the Company violated § 8(a) (3) and (1) of the Act, 29 U.S.C. § 158(a) (3) and (1) by discharging employees Mayfield, Goodson, Kelly and Crites; and that the Company violated § 8(a) (5) and (1) of the Act, 29 U.S.C. § 158(a) (5) and (1) by refusing to bargain with the certified Union.

The Board's order directed the Company to cease and desist from the unfair labor practices found and from in any manner interfering with, restraining or coercing the employees in the exercise of their rights under § 7 of the Act, 29 U.S.C. § 157. The Board also ordered the Company to offer reinstatement to the discharged employees and to make them whole from loss of earnings and directed the Company to bargain with the Union. Further the Company was ordered to post the customary notice. The Board's order is reported at 174 NLRB No. 135.

The Board states the issue is whether substantial evidence on the record as a whole supports the Board's finding that the Company violated the sections of the Act, set forth above. The Company agrees that this is the issue.

The Union won a Board contested election in 1965 covering certain employees at Intex Oil Company in Kern County. In 1967 Intex was merged into Tesoro Petroleum Corporation, the company here involved. A collective bargaining agreement was executed, running to December 31, 1966 and was renewed to December 31, 1967. Subsequently on October 12, 1967, the Company, pursuant to the terms of the contract, gave notice to the Union of its intent to terminate the contract and requested an election to determine the Union's majority status. On October 27, 1967, the Company mailed a petition for an election to the Board. It was docketed by the Board on October 30. Thereafter an unfair labor practice complaint was issued.[1]

▮ Prior thereto, in June and September, Vice President Robert B. Miller interviewed Mayfield, Goodson and Kelly and interrogated them concerning their Union sentiments, accompanied by expressions of union animus. Such interrogation of prospective employees by a high company official is definitely coercive and interferes with an employee's rights. N.L.R.B. v. Borden Company, (5 Cir. 1968) 392 F.2d 412, 414; Time-O-Matic Inc., v. N.L.R.B., (7 Cir. 1959) 264 F.2d 96, 99.

▮ The record supports the finding that this was a violation of § 8(a) (1) of the Act, 29 U.S.C. § 158(a) (1).

On October 31, 1967, Vice President Miller discovered that four additional employees had joined the Union. On November 1, he called a meeting of certain Company foremen and advised them of this fact and of his proposal to discharge Mayfield, Goodson and Kelly, union members, and Crites, purportedly "to cut expenses," since they were junior in seniority. A foreman inquired about the possibility of discharging Branson, a Union adherent, at the same time, but it appeared he had worked beyond his 90 day probationary period and it was decided not to do so. The foremen were instructed not to discuss the conversation. On November 3, employees Mayfield, Goodson, Kelly and Crites were

---

\* Honorable Peirson M. Hall, Senior United States District Judge, Central District of California, sitting by designation.

1. Pursuant to settled Board procedure, in view of the issuance of the complaint in this case, the Company's petition was dismissed.

"(T)he Board's policy of not conducting a representative election while unfair labor practices are pending has long met with court approval." Furr's Inc., v. N. L. R. B. (10 Cir. 1967) 381 F.2d 562, 570, cert. den. 389 U.S. 840, 88 S.Ct. 70, 19 L.Ed.2d 105.

discharged, purportedly for economic reasons.

 The issue is, what was the actual motive for the discharge? Santa Fe Drilling Co. v. N.L.R.B., (9 Cir. 1969) 416 F.2d 725, 729; Shattuck Denn Mining Corp. v. N.L.R.B., (9 Cir. 1966) 362 F.2d 466. The evidence clearly supports the Board's finding. Although there was evidence to the contrary, a reviewing court may not "displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." N.L.R.B. v. Walton Mfg. Co., (1907) 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829; N.L.R.B. v. Miller Redwood Co., (9 Cir. 1969) 407 F.2d 1366, 1369.

Crites, who had not revealed his Union dealings, pro or con, prior to his termination was discharged along with the three union members. Apparently since he was the last employee hired, he fitted into the plan of the company to purportedly discharge the employees on a basis of seniority.

In Majestic Molded Products, Inc., v. N.L.R.B., (2 Cir. 1964) 330 F.2d 603, 606, the layoffs were also in order of seniority. The court said: "A power display in the form of a mass lay-off, where it is demonstrated that a significant motive and a desired effect were to 'discourage membership in any labor organization' satisfies the requirements of § 8(a) (3) to the letter even if some white sheep suffer along with the black * * *"

The evidence supports the finding that the employees were not discharged as contended by the Company, viz., to release four junior employees "to cut expenses." Crites is entitled to reinstatement and back pay as a result of the company's unlawful discharge of him and the three recently employed union supporters.

 On December 18, 1967, Union requested the Company to engage in collective bargaining for the purpose of negotiating a new agreement. On December 22, the Company refused the Union's request. The evidence clearly supports the Board's finding that such refusal occurred and that the Company violated § 8(a) (5) (1) of the Act, 29 U.S.C. § 158(a) (5) and (1). After the termination of the initial year of the collective bargaining agreement the presumption of the representative status becomes rebuttable. Absent a reasonably based doubt of majority status, asserted in good faith, the employer must continue to honor the certification of the Union and to bargain with it upon request until the certification is lawfully rescinded. Brooks v. N.L.R.B., (1954) 348 U.S. 96, 103–104, 75 S.Ct. 176, 99 L.Ed. 125.

The Board found that "the information relied on by [the company] to justify its doubt of the Union's continuing majority status was not based upon substantial evidence and was insufficient to support a good faith doubt." The evidence supports the finding.

The order of the Board will be enforced.

HALL, District Judge, requests that the opinion note that he dissents.